IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00279-MSK-BNB

STEVEN M. DAVIS,

Applicant,

v.

HOYT BRILL, Warden,
ARISTEDES ZAVARAS, and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

Respondents.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Doc. # 3, filed 2/8/2007] (the "Application") filed by Steven Davis (the "petitioner"). The district judge issued an Order to Show Cause why the Application should not be granted [Doc. #6], and the matter has been fully briefed. I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and that the Application be DENIED.

## I. THE LAW

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

If a petitioner exhausts his available state remedies, his application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court clarified this standard in Terry Williams v. Taylor, 529 U.S. 362 (2000):

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

Generally, if a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id.

If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief.

Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).  The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. 722, 750 (1991).  The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law.  Demarest, 130 F.3d at 941.

## II.  BACKGROUND

The facts of this case are simple, and they are summarized by the Colorado Court of Appeals as follows:

> Pursuant to a plea agreement, defendant pleaded guilty to reckless manslaughter.  There were no sentencing concessions in the plea agreement.  Defendant was sentenced to twelve years in the Department of Corrections, the maximum sentence in the aggravated range, pursuant to § 18-1.3-401(6), C.R.S. 2004.  The prescribed statutory range for a class four felony is two to six years.  Section 18-1.3-401(1)(a)(V)(A), C.R.S. 2004.

*Answer*, Ex. J, p. 3.[1]

The petitioner was sentenced on June 24, 2003.  Id. at Appendix A, p. 5.  The petitioner directly appealed his sentence, arguing that it was imposed in violation of his constitutional rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004).  Id. at Appendixes A and B.  The Colorado Court of Appeals initially agreed with the petitioner, vacated the sentence, and remanded the case to the trial court for resentencing.  Id.

---

[1] I cite to the page numbers of the respondents' exhibits as they are assigned by the court's docketing system.

at Appendix E. The State petitioned for a rehearing, arguing that it was impossible to determine the issue on appeal without a transcript of the providency hearing. Id. at Appendix E. Id. at Appendix F. After considering the State's motion for rehearing, the appellate court ordered a copy of the transcript, id. at Appendix H, and issued an order affirming the twelve year sentence. Id. at Appendix J.

The petitioner filed a Petition for Writ of Certiorari. Id. at Appendix M. The Colorado Supreme Court denied the petition on January 23, 2006. Id. at Appendix O. The Colorado Court of Appeals issued its mandate on January 27, 2006. Id. at Appendix P. The petitioner did not file any motions for postconviction relief.

The Application asserts one claim. Construing the Application liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the petitioner challenges his sentence on the following bases:

1. His plea is unconstitutional because it was not knowing or intelligent, and it was "elicited by way of a plea agreement with the District Attorney's Office" for a sentence ranging from 2-6 years;

2. His twelve year sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment; and

3. The petitioner was denied the right to withdraw his plea in violation of the Fifth Amendment right to self incrimination and the Sixth Amendment right to challenge the State's case. *Application,* pp. 5-5a.

The respondents concede, and I agree, that the Application is timely filed within the one year limitation period established by the Antiterrorism and Effective Death Penalty Act. Id. at pp. 5-6.

### III.   ANALYSIS

#### A.   Exhaustion of Available State Remedies

The respondents assert that the petitioner did not exhaust his state remedies as to all of his claims. *Answer* [Doc. 11], p. 8. The petitioner did not raise in the state court his claim that his plea was unconstitutional or his claims that his sentence violated his Fifth and Eighth Amendment rights. Id. at Appendixes B, D, and M. His sole claim to the state appellate court was that his sentence was imposed in violation of his constitutional rights pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). *Answer*, Appendixes B and D. He added a claim for violation of his equal protection rights in his brief to the state supreme court, but the supreme court denied his petition without addressing his claims.

Comity is the rationale underlying the exhaustion requirement--state courts must be provided with the first opportunity to pass on alleged defects in their criminal proceedings leading to the conviction at issue. Rose v. Lundy, 455 U.S. 509, 518 (1982). In order to "encourage state prisoners to seek full relief first from the state courts," the exhaustion requirement must be "rigorously enforced." Id. Exhaustion of state remedies requires that a petitioner raise in the state courts both the factual and legal bases of his habeas claims. Gibson v. Scheidemantel, 805 F.2d 135, 138 (3rd Cir. 1986). Consequently:

> It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based. The claim must be substantially equivalent to that litigated in the state court. Both the

5

>legal theory and the facts supporting a federal claim must have
>been submitted to the state court.

O'Halloran v. Ryan, 835 F.2d 506, 508 (3rd Cir. 1987) (quotations and citations omitted).

I find that the petitioner's allegations and supporting evidence did not offer the Colorado courts a "fair opportunity to apply controlling legal principles to the facts bearing upon his" additional constitutional claims.  See Thomas v. Gibson, 218 F.3d 1213, 1221, 2000 WL 986587 at *5, n.6 (10th Cir. July 18, 2000).  Because the substance of those claims was not fairly presented to the state courts, see Picard v. Connor, 404 U.S. 270, 278 (1971), his claim of involuntary plea and his claims under the Fifth and Eighth Amendments have not been exhausted.

When a petitioner fails to exhaust available state remedies, the federal court must determine whether the petitioner would be able to raise the claim in the state court.  Demarest, 130 F.3d at 939.  If the claim would be procedurally barred in the state court, his claims are procedurally defaulted for purposes of habeas relief.  Coleman, 501 U.S. at 735 n.1.

These claims are procedurally defaulted.  Because the petitioner already presented his claims to the state courts as due process and Sixth Amendment issues under Apprendi and Blakely, he is prohibited from reasserting them as an involuntary plea or a violation of his Fifth and Eighth Amendment rights.  Colo. R. Crim. P. 35(c)(3)(VII) (providing that post conviction relief is not available to a petitioner for a claim that could have been presented on direct appeal);[2]

---

[2] Colorado Rule of Criminal Procedure 35(c)(3)(VII) provides that the court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought except the following: (a) any claim based on events that occurred after initiation of the defendant's prior appeal or postconviction proceeding; (b) any claim based on evidence that could not have been discovered previously through the exercise of due diligence; (c) any claim based on a new rule of constitutional law that was previously

People v. Versteeg, 165 P.3d 760, 763 (Colo. App. 2006) (stating that Rule 35(c) motions filed after July 1, 2004, are subject to procedural bar in Rule 35(c)(3)(VII)). See also DePineda v. Price, 915 P.2d 1278, 1281 (Colo. 1996) (stating that "a defendant is precluded from raising an issue under Crim.P. 35 if its review 'would be nothing more than a second appeal'").

I may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can either (1) show cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) demonstrate that a failure of this court to consider the claims will result in a fundamental miscarriage of justice. English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998) (citing Coleman, 501 U.S. at 749-50); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993). The petitioner has not argued cause and prejudice or a fundamental miscarriage of justice.

Because the claim regarding his plea and the claims for violation of his Fifth and Eighth Amendments are procedurally defaulted, and because the petitioner did not demonstrate cause and prejudice or a fundamental miscarriage of justice, these claims are not proper for consideration on an application for writ of habeas corpus.

## 2.  **Apprendi/Blakely Claim**

The petitioner exhausted his claim that his sentence is unconstitutional under the holdings of Apprendi and Blakely,. *Answer*, Appendixes B and D. Therefore, the Application can be granted only if the adjudication of the claim (1) resulted in a decision that was contrary

---

unavailable, if that rule should be applied retroactively to cases on collateral review; (d) any claim that the sentencing court lacked subject matter jurisdiction; (e) any claim where an objective factor, external to the defense and not attributable to the defendant, made raising the claim impracticable.

to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In Apprendi, the Supreme Court invalidated a New Jersey sentencing statute that permitted judges to enhance a sentence beyond the applicable statutory maximum based on a post-conviction judicial finding that the defendant's offense qualified as a "hate crime." 530 U.S. at 468-69. The Court held that, in order to comport with the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added).

In Blakely v. Washington, 542 U.S. 296 (2004), the Court applied the rule of Apprendi to the State of Washington's determinate sentencing scheme. The defendant in Blakely was sentenced to more than three years above the statutory maximum because he had acted with deliberate cruelty. The facts supporting the finding of deliberate cruelty "were neither admitted by petitioner nor found by a jury." Id. at 303. In finding this practice unconstitutional, the Court stated:

> Our precedents make clear, however, that the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the

>jury has not found all the facts "which the law makes essential to
>the punishment," and the judge exceeds his proper authority.

Id. at 2537 (citations omitted) (emphasis in the original).

In 2007, the Court again acknowledged that prior convictions are an exception to this rule. Rita v. United States, 551 U.S. 338, ___, 127 S.Ct. 2456, 2486 (2007) (citing Apprendi, 530 U.S., at 489-490, and Almendarez-Torres v. United States, 523 U.S. 224 (1998)).

Here, the state court of appeals found that the petitioner's sentence did not run afoul of Apprendi and Blakely:

>Relying on Apprendi v. New Jersey, 530 U.S 466, 120 S.Ct. 2348, 147 L.Ed2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), defendant asserts that he was denied his right to due process when the trial court imposed a sentence beyond the prescribed statutory maximum based solely on its conclusion that extraordinary aggravating circumstances were present. We disagree.
>
>"Other than the fact of a prior conviction, any fact that increases the penalty for a crime <u>beyond the prescribed statutory maximum</u> must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, supra, 530 U.S. at 490, 120 S.Ct. at 2362-63, 147 L.Ed.2d at 455 (emphasis added).
>
>The "statutory maximum" referred to in Apprendi is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely v. Washington, supra, 542 U.S. at ___, 124 S.Ct. at 2537. "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Blakely v. Washington, supra, 542 U.S. at ___, 124 S.Ct. at 2541.
>
>In Lopez v. People, 113 P.3d 713, 719 (Colo. 2005), the supreme court held that § 18-1.3.401(6) aggravated sentencing may be based upon at least one of four types of facts in compliance with the Apprendi-Blakely rule: (1) facts admitted by the defendant; (2) facts found by the jury; (3) facts found by the court after the defendant stipulates to judicial factfinding for sentencing purposes;

9

> and (4) the fact of a prior conviction. The court further held that a
> discretionary aggravated range sentence imposed by a trial court
> under § 18-1.3-401(6) is "both constitutionally and statutorily
> sound" if the court relied on any one of these permissible factors,
> even if it also considered factors that were not <u>Blakely</u>-compliant
> or <u>Blakely</u>-exempt. <u>Lopez</u>, 113 P.3d at 731. Thus, under <u>Lopez</u>, a
> trial court could permissibly impose a discretionary aggravated
> range sentence based at least in part on a defendant's prior
> conviction.
>
> Here, the plea agreement left sentencing open to the court. The
> record indicates that the trial court based the aggravated twelve-
> year sentence on the nature of the offense, defendant's criminal
> history and prior conviction, and his history of assaultive behavior.
> Defendant's prior conviction would be a permissible factor upon
> which to base an aggravated sentence under the holding of <u>Lopez</u>.
> Defendant did not dispute before the trial court, and does not
> dispute on appeal, that he had a prior felony conviction. Thus,
> because the sentence imposed by the trial court was based at least
> in part on a permissible factor, the court did not violate defendant's
> constitutional rights by imposing an aggravated range sentence.

*Answer*, Appendix J, pp. 1-3.

The petitioner pled guilty to Reckless Manslaughter in violation of section 18-3-104(1)(a). *Answer*, Ex. A, first and second consecutive pages. Reckless Manslaughter is a class 4 felony. <u>Id.</u>;18-3-104(2). The prescribed statutory range for a class 4 felony is two to six years under section 18-1.3-401(1)(a)(V)(A), C.R.S. 2004. *Answer*, Ex. J, p. 1. The petitioner was sentenced to the 12 year maximum sentence in the aggravated range pursuant to § 18-1.3-401(6), C.R.S. 2004, <u>id.</u>, which provides:

> In imposing a sentence to incarceration, the court shall impose a
> definite sentence which is within the presumptive ranges set forth
> in subsection (1) of this section unless it concludes that
> extraordinary mitigating or aggravating circumstances are present,
> are based on evidence in the record of the sentencing hearing and
> the presentence report, and support a different sentence which
> better serves the purposes of this code with respect to sentencing,
> as set forth in section 18-1-102.5. If the court finds such

>    extraordinary mitigating or aggravating circumstances, it may
>    impose a sentence which is lesser or greater than the presumptive
>    range; except that in no case shall the term of sentence be greater
>    than twice the maximum nor less than one-half the minimum term
>    authorized in the presumptive range for the punishment of the
>    offense.

The state appellate court found that the petitioner's aggravated 12 year sentence was based in part on a prior conviction. The petitioner does not dispute this finding, nor does he dispute the existence of the prior conviction.

The state appellate court found that "because the sentence imposed by the trial court was based at least in part on a permissible factor, the court did not violate defendant's constitutional rights by imposing an aggravated range sentence." This decision is not contrary to, nor is it an unreasonable application of, Apprendi or Blakely.

## IV. CONCLUSION

I respectfully RECOMMEND that the Order to Show Cause be DISCHARGED and that the Application be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 21, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge