IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00279-MSK-BNB

STEVEN M. DAVIS,

      Applicant,

v.

HOYT BRILL, Warden,
ARISTEDES ZAVARAS, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

**OPINION AND ORDER ADOPTING RECOMMENDATION AND
DENYING APPLICATION FOR WRIT OF HABEAS CORPUS**

THIS MATTER comes before the Court on a Recommendation by the Magistrate Judge **(#19)** to deny Applicant Steven M. Davis's Application for a Writ of Habeas Corpus **(#3)**, to which the Defendants filed an answer **(#11)**, and Mr. Davis filed a traverse **(#13)**. No objections to the Recommendation were filed. Having considered the same, the Court **FINDS** and **CONCLUDES** that

### I.   Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2254.

### II.   Background

Pursuant to a plea agreement that did not contain any sentencing concessions, on May 5, 2003, Mr. Davis plead guilty to manslaughter, a Class 4 felony with a statutory range of incarceration of two to six years. *See* Colo. Rev. Stat. §§ 18-3-104(1)(a); 18-1.3-401(1)(a)(V)(A) (2003). The trial court, however, sentenced Mr. Davis under the aggravated

sentence statute to twelve years (twice the statutory maximum) because it found that the nature of the offense, Mr. Davis's criminal history and prior convictions, and Mr. Davis's history of assaultive behavior constituted aggravating factors.  *See* Colo. Rev. Stat. § 18-1.3-404(6) (2003).

Mr. Davis directly appealed his sentence arguing that it violated his due process rights under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).  The Colorado Court of Appeals ultimately affirmed the sentence concluding that the trial court's imposition of an aggravated sentence was constitutional under *Apprendi* and *Blakely* as it was based, at least in part, on the fact of Mr. Davis's prior conviction.  *See Lopez v. People*, 113 P.3d 713 (Colo. 2005).

Mr. Davis sought certiorari from the Colorado Supreme Court.  The petition was denied on January 23, 2006 and the Court of Appeals issued its mandate on January 27, 2006.  Mr. Davis did not seek any postconviction relief.  He subsequently timely initiated this action.

### III.   Analysis

In construing Mr. Davis's Application and pleadings, the Court is mindful that he is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim.  Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel

or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Application, liberally construed, sets forth four grounds for habeas relief: (1) Mr. Davis did not knowingly and intelligently enter his plea pursuant to a plea agreement; (2) the sentence imposed violates his Eighth Amendment right to be free from cruel and unusual punishment; (3) he was not permitted to withdraw his plea in violation of his rights under the Fifth and Sixth Amendments; and (4) the aggravated sentence was imposed without a finding of fact that an aggravating factor existed as constitutionally required under *Apprendi* and *Blakely*.

The Recommendation recommends that the Application be denied because (1) the first three grounds for relief that Mr. Davis asserts in the Application are procedurally barred as they were never presented to the state court on appeal or in a motion for postconviction relief; and (2) the Colorado Court of Appeals's decision regarding his challenge based on *Apprendi* and *Blakely* was not contrary to nor an unreasonable application of clearly established constitutional law.[1]

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within ten days after being served with a copy of the recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *See U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When no party files objections to a recommendation, the court has

---

[1] Pursuant to 28 U.S.C. § 2254, a writ of habeas corpus may not be granted unless the State court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

discretion to apply whichever standard of review it deems appropriate. *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Accordingly, this Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b). Upon such *de novo* review, however, the Court reaches the same conclusion as that articulated in the Recommendation for substantially the same reasons.

For purposes of efficiency, the Court has also considered whether a certificate of appealability is warranted. A certificate of appealability is necessary to appeal from the final order in a habeas corpus action pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only upon the "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To obtain a certificate of appealability, the applicant must demonstrate that the issues raised are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions presented are deserving of further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When an application has been denied on the merits, an applicant must demonstrate that reasonable jurists would find the district court's analysis and outcome debatable or incorrect. When an application has been denied on procedural grounds, an applicant must demonstrate that reasonable jurists would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

The Court concludes that a certificate of appealability is not warranted in this case as to any of Mr. Davis's claims because reasonable jurists would not resolve the issues differently and the issues are not deserving of further proceedings. With respect to the claims found to be procedurally defaulted, reasonable jurists could not debate whether Mr. Davis has presented the

claims to the state court. Furthermore, Mr. Davis has not demonstrated that these claims have any constitutional merit. As to the resolution of the claim based on *Apprendi* and *Blakely*, reasonable jurists would not find it debatable.

**IT IS THEREFORE ORDERED** that

(1) The Recommendation by the Magistrate Judge **(#19)** is **ADOPTED**.

(2) The Order to Show Cause **(#6)** is **DISCHARGED**.

(3) The Applicant Steven M. Davis's Application for a Writ of Habeas Corpus **(#3)** is **DENIED**.

(4) No Certificate of Appealability shall issue in this case.

(3) The Clerk of Court is directed to close this case.

Dated this 28th day of January, 2010

                           **BY THE COURT:**

                           Marcia S. Krieger
                           United States District Judge